The State v. Robb.

THE STATE v. ROBB, *Appellant.*

1. **Criminal Law :** ASSAULT WITH INTENT TO KILL : PRACTICE. In a prosecution under Revised Statutes, section 1262, for assault with intent to kill, where the evidence shows that the defendant either acted with malice aforethought, or in self-defence, instructions should not be given for a lower grade of assault.

2. ———— : PRACTICE : WHEN VERDICT SHOULD STATE DEGREE OF OFFENCE. Section 1927, Revised Statutes, which provides that the verdict shall state the degree of the offence of which defendant is found guilty, when he is convicted of a degree inferior to that charged in the indictment, only applies to those cases where the offence is divided into degrees by the statute, and has no application to cases where the statute defines distinct offences, although the commission of one is necessarily included in the commission of the other.

3. ———— : ———— : VERDICT. A verdict of guilty "of the charges under the indictment" can only mean guilty of the offence charged in the indictment, and where the jury returning such a verdict cannot agree upon the punishment, the court may assess it at the penalty for the offence charged.

4. **Practice :** EXAMINATION OF WITNESS : DISCRETION OF TRIAL COURT. The extent to which the examination of a witness may be carried

The State v. Robb.

must be left largely to the discretion of the trial court. A wide latitude is allowed in cross-examination, especially where the witness shows a disposition to withhold evidence, or prevaricate ; and for the purpose of testing his memory, means of knowledge, or accuracy, he may often be cross-examined on remote subjects.

5. ———— : ASSISTANT ATTORNEY : OPENING ARGUMENT. An attorney, assisting the prosecuting attorney in the trial of a criminal cause, may make the opening argument to the jury, or even the statement of the case, and it is wholly immaterial whether the permission to do so was made matter of record or not, or whether he was employed in the case, or gratuitously assisted the prosecuting attorney.

6. Criminal Law : PRACTICE : INSTRUCTION. In a criminal prosecution there is no need of instructions upon any other crime than that charged in the indictment.

*Appeal from Randolph Circuit Court.*—HON. G. H. BURCKHARTT, Judge.

AFFIRMED.

*Sam. C. Major* for appellant.

(1) The court erred in overruling the motion in arrest of judgment. R. S., secs. 1262, 1263, 1264, 1265, 1654, 1655, 1927, 1968 ; *State v. Fisher*, 1 West. Rep. 560 ; *Guest v. State*, 19 Ark. 405. (2) The court erred in refusing to give the sixth instruction asked by defendant. (3) The court erred in giving the instructions for the state. The instruction on reasonable doubt is erroneous. *State v. Owen*, 79 Mo. 620 ; *State v. Smith*, 21 Mo. App. 595. The fourth instruction is not the law, and the fifth is calculated to mislead. (4) The court erred in refusing to allow defendant's attorney to ask witness, Charles Evans, "If he was as certain of the fact sworn to by him, 'that he heard no words spoken by Kelly Williams immediately preceding the stabbing and wounding' as he was of any other fact sworn to by him." We undoubtedly had the right to ask this question. 73 Mo. 242, (5) The court erred in not requiring

the prosecuting attorney to open the argument, and in permitting a young man who had no connection with the case to do so. R. S., sec. 1918; *State v. Honig*, 78 Mo. 249. (6) The court should have instructed the jury as to the different degrees of the offence charged in the indictment. *State v. Tate*, 12 Mo. App. 327; *State v. Banks*, 73 Mo. 592; *State v. Murphy*, 14 Mo. App. 73; *State v. Branstetter*, 65 Mo. 149.

*B. G. Boone*, Attorney General, for the state.

(1) The question asked the witness, Charles Evans, on cross-examination by defendant's counsel, was improper, and the court did not err in refusing to permit him to answer. Roscoe's Crim. Evid. [7 Ed.] 141; Whar. Crim. Evid. [8 Ed.] secs. 458 to 462; *Keenan v. State*, 18 Ga. 194; Har. & Thomp. on Self-Defense, pp. 470, 471. (2) The instruction as to reasonable doubt was not erroneous. *State v. Nueslein*, 25 Mo. 124; *State v. Jones*, 78 Mo. 282; *State v. Leeper*, 78 Mo. 470; *State v. Vansant*, 80 Mo. 72; *State v. Jones*, 86 Mo. 623. (3) Instruction number four, in regard to self-defence, given by the court, is authorized by the authorities. *State v. Underwood*, 57 Mo. 40; *State v. Christian*, 66 Mo. 138; *State v. Jones*, 78 Mo. 278; *State v. Thomas*, 78 Mo. 339. (4) It was not error to permit the attorney assisting the prosecuting attorney to make the opening argument to the jury. An attorney may be employed to assist the prosecuting attorney. *State v. Hayes*, 23 Mo. 287. And he may occupy any position in the trial of the case assigned him by the prosecuting attorney. *State v. Stark*, 72 Mo. 37; *State v. Collins*, 81 Mo. 652. (5) The court did not err in refusing to instruct as to different degrees. Only one offence was charged in the indictment. There are no degrees in assaults known to the statute. R. S., secs. 1262, 1263, 1265. Revised Statutes, section 1654, author-

izing a jury, upon a proper state of facts, to find a defendant guilty of a less degree than that charged in the indictment, is only applicable to offences divided by the statute into degrees, such as murder, manslaughter, burglary, robbery, etc. (6) The verdict was sufficiently definite. The indictment charges but one offence; therefore a general verdict is sufficiently responsive to support a judgment. R. S., sec. 1930; *State v. Ray,* 53 Mo. 345; *State v. Miller,* 62 Mo. 604; *State v. Emery,* 76 Mo. 348; *State v. McDonald,* 85 Mo. 539. (7) The jury failing to fix the punishment, the court was authorized, under Revised Statutes, section 1930, in assessing the same and sentencing the defendant.

BLACK, J.—The defendant was indicted for an assault with intent to kill Kelly Williams, under section 1262, Revised Statutes of 1879, which provides that "every person who shall, on purpose, and of malice aforethought, shoot at or stab another * * * with intent to kill, * * * or rob, etc., shall be punished by imprisonment in the penitentiary for a term not exceeding ten years." A number of witnesses were sworn on behalf of the state, who testify to the following facts: Kelly Williams, who is a colored man, Davis, McGruder, and the defendant Robb, and others, were all in a saloon owned by Evans. Williams, the colored man, was talking to Davis, when McGruder jerked off Williams' hat, tearing a piece out of the rim. McGruder and Williams had some words, which are differently reported, when Robb, the defendant, stepped up and reproved Williams for disputing with a white man, and at the same time stabbed the negro twice with a dirk knife, one wound penetrating the lungs. These witnesses say the negro was not saying or doing anything to defendant, but that he backed away from the defendant until stabbed, when he picked up a stool to protect

himself.   Evidence for the defendant is to the effect that Robb said to the negro, "you ought not to be cursing a white man that way," when the negro picked up a chair and said, "damn you, I'll paralyze you," and then Robb cut him to protect himself.

1.   Upon this evidence the court instructed as to an offence under section 1262, but gave no instruction as to an assault with intent to kill, under section 1263, in which *malice aforethought* is not made an ingredient, or as to a common assault under section 1265.  While section 1655 provides, that "upon an indictment for an assault with intent to commit a felony, or for a felonious assault, the defendant may be convicted of a lesser offence," still the evidence here shows that defendant either stabbed the negro on purpose, and of malice aforethought, or in self-defence.   The case was tried on that theory by the defendant, for though he asked and had given a number of instructions, he asked none upon a lower grade.   The defendant was guilty of the offence as charged, or entitled to be acquitted, and the court committed no error in not instructing upon a lower grade of assault.

2.   The point now made, that the motion in arrest should have been sustained because the verdict did not state the degree of the offence of which the defendant was found guilty, was decided against appellant in *State v. Burk*, 89 Mo. 635.   It is there held that section 1927, Revised Statutes of 1879, which provides that the verdict shall state the degree of the offence of which the defendant is found guilty, when he is convicted of a degree inferior to that charged in the indictment, does not apply to the class of cases here in question.   By the terms of that section it can only apply to those cases where the offence is divided into degrees, and so denominated by the statute, as in murder, manslaughter, burglary, robbery, etc.   But it does not apply to those cases where the statute defines distinct offences, and does not declare

them degrees of the same offence, though the commission of one is necessarily included in the commission of the other. Besides this, the verdict is as follows: "We, the jury, find the defendant guilty of the charges under the indictment, but can't agree as to his punishment." The words "of the charges under the indictment," can only mean that the jurors found the defendant guilty as charged in the indictment. No other offence was before them for their consideration. On this verdict the court fixed the punishment at two years in the penitentiary, as it had a right to do.

3. Complaint is also made of the action of the court in sustaining an objection to the following question propounded to one of the state's witnesses, on cross-examination: "Are you just as positive of the fact that Williams had nothing in his hands before he was stabbed, as you are of any other fact to which you have testified." A wide latitude is allowed in the cross-examination, and especially where the witness shows a disposition to withhold evidence, or prevaricate, and for the purpose of testing his memory, means of knowledge, or accuracy, he may often be cross-examined upon remote subjects. Ros. Crim. Ev., sec. 141. But the extent to which an examination may be carried must be left largely to the discretion of the trial court. We are not prepared to say such a question as that asked in this case may not be asked under some circumstances. But here the witness had just stated that he was positive there was no chair in Williams' hand before the cutting, but he was not so positive as to the chair after the negro was cut; says he was looking right at the negro when the cutting was done. Though the question was excluded by the court the witness again said: "I am positive he had no chair in his hand at the time the cutting was done; I am positive of that." The witness had testified in the most positive terms upon the subject of the interrogatory, and though he did not answer it

in its comparative form, the court did not exceed its rightful discretionary powers. All in all, the witness said all upon the subject that could be reasonably asked.

4. The court committed no error in allowing Mr. Cave, an attorney, who had assisted the prosecuting attorney by taking the testimony, to make the opening argument to the jury with a fifteen minutes speech. It is wholly immaterial whether the permission was made matter of record or not, nor does it make any difference whether he was employed in the case, or gratuitously assisted the prosecuting attorney. An attorney employed in the case may even make the statement of the case to the jury. *State v. Stark*, 72 Mo, 38. The fifth sub-division of section 1908 cannot be construed so as to require the prosecuting attorney, instead of other counsel engaged in the cause, to make the opening argument.

5. The instructions given at the instance of the state upon reasonable doubt and self-defence are not objectionable. That upon self-defence asserts no other principle than is contained in the fourth given at the request of the defendant, which is surely favorable enough for the defendant. Neither did the court err in refusing to instruct that any criminality which might attach to the defendant from carrying upon his person the knife, was not a matter for their consideration. There was no need of any instructions upon any other crime than that charged in the indictment.

We see no error in this record, and the judgment is, therefore, affirmed. Henry, C. J., absent. The other judges concur.