THE STATE *ex rel.* THE KANSAS CITY PARK DISTRICT V. THE COUNTY COURT OF JACKSON COUNTY.

DIVISION ONE.

102 531
107 17

102 531
115 276

102 531
124 627

102 531
134 18

102 531
135 119

102 531
162 69

102 531
165 681

102 531
e171 ²645

1. **Constitutional Law:** TITLE OF ACT: PARK DISTRICT STATUTE. The "park district" statute (R. S. 1889, secs. 1726–1761) is unconstitutional as not being fairly relevant to the title of the act "of cities, towns and villages," of which it forms a part.

2. ———: ———. Mere generality of title does not invalidate an act where the topics treated in the latter are kindred in nature and have a legitimate association under the head which the title states.

3. ———. No legislative enactment should be declared unconstitutional unless clearly so, and every reasonable intendment should be made to sustain it.

*Mandamus.*

WRIT DENIED.

FROM 1879 to 1889 there was a collection of enactments included in chapter 89 of the Revised Statutes of Missouri (1879) entitled "Of cities, towns and villages."

The general assembly, at its session in 1889, revised and amended that chapter by a bill entitled, "An act to revise and amend chapter 89 of the Revised Statutes of Missouri, 1879, and the amendatory acts thereto, entitled 'Of cities, towns and villages.'" The bill as passed constitutes chapters 30 and 31 of the Revised Statutes of Missouri of 1889. In addition to other amendments of the old chapter 89 by this revising bill, there were added to article 7 of said chapter, entitled "City parks," thirty-five new sections, numbered from 1727 to 1761 (inclusive). These new sections provide for the organization and management of public corporations to be known as park districts, in every county of this state in

which there is, or in which there may hereafter be, a city containing not less than one hundred thousand nor more than three hundred thousand inhabitants, every such park district to include such city and territory adjacent thereto ( section 1727 ).   The general purpose of said corporations is declared to be to establish parks and improve and build roads, highways and bridges within their limits.

By the terms of these new sections, if it were desired by the city and county authorities, wherein the required conditions of population existed, to organize such a park district it should be done in the following manner:

The common council of said city should select two persons, and the county court of the county two persons, all of whom must be residents of the district, who, together with the mayor of such city, should constitute a board of park commissioners, and who, after organization as provided by the bill ( section 1729 ), should locate and define the boundaries of such park district, including the city and *so much of the adjacent territory as said park commissioners might select*, not to exceed in all seventy square miles, and should make and file a plat thereof ; whereupon the inhabitants of the territory, included within the boundaries of such park district, would become by operation of law a body politic and corporate by the name and style of ( the name of said city ) park district ; and the board of park commissioners so chosen would constitute the corporate authorities thereof.

Said sections further provide that the money necessary to carry out the purpose of any such park district should be raised by the levy of a tax upon all the lands within the district, and by requiring the county court of such county to turn over to the park authorities thirty per cent. of the money received by the county from dramshop licenses within such park district.

Section 1753 ( R. S. 1889 ) reads as follows :   " Such board of park commissioners shall, during the month of April in each year, determine by ordinance the rate of taxation which it will be necessary to levy in order to raise the amount of money that will be required for general expenditure within such park district for public purposes during the ensuing fiscal year ; *provided*, such rate shall not exceed one-tenth of one per cent. per annum. The board of park commissioners shall forward a certified copy of such ordinance to the county court of such county.   Such county court shall annually levy such tax upon all the real estate and improvements thereon, located within such park district, and cause the same to be collected in like manner as county taxes may be collected."

The relator, " Kansas City Park District," having organized in pursuance of said sections, duly applied to the county court of Jackson county for the levy and collection of the tax provided for by section 1753.   The county court refused to make said levy.   The relator applied to this court for a writ of *mandamus* to compel the levy, whereupon this court issued its alternative writ to that end, the return to which has challenged the statute in question as being in conflict with the constitution of the state.

The other necessary facts are mentioned in the opinion.

*Haff & Van Valkenburgh, Dobson & Trimble* and *R. L. Yeager*, City Counselor, for relator.

( 1 )   This statute is not open to the objection that it violates section 28 of article 4 of the constitution which provides that, "No bill shall contain more than one subject which shall be clearly expressed in its title." *State v. Matthews*, 44 Mo. 523–527 ; *City of Hannibal v. Marion County*, 69 Mo. 571–575 ; *State ex*

*rel. v. Mead,* 71 Mo. 266; *State ex rel. v. Shepherd,* 74 Mo. 310; *State ex rel. v. Ranson,* 73 Mo. 78–86; *State ex rel. v. Laflin,* 75 Mo. 358–367; *State v. Brassfield,* 81 Mo. 151–162; *Ewing v. Hoblitzelle,* 85 Mo. 64; *State v. Miller,* 45 Mo. 495–497; *St. Louis v. Tiefel,* 42 Mo. 578; *Sharp v. Mayor,* 31 Barb. 572; *Kerrigan v. Force,* 68 N. Y. 381; *Morford v. Unger,* 8 Iowa, 82; *Duncombe v. Prindle,* 12 Iowa, 1–10; *Woodruff v. Baldwin,* 23 Kan. 492; *State v. Cassidy,* 22 Minn. 322; *Brandon v. State,* 16 Ind. 197; *Mills v. Treasurer,* 29 Wis. 400–408; *Imp. Co. v. Arnold,* 46 Wis. 214; *Robinson v. State,* 15 Tex. 311; *Shields v. Bennett,* 8 W. Va. 84; *Jones v. Mayor,* 25 Ga. 610; *O'Leary v. Cook County,* 28 Ill. 534; *Firemen, etc., Co. v. Lounsbury,* 21 Ill. 511; *People v. Mahney,* 13 Mich. 494; *Louisiana v. Pillsbury,* 105 U. S. 289. ( 2 ) This statute is not open to the objection that it violates section 53 of article 4 of the constitution which prohibits special and local legislation. *Humes v. Railroad,* 82 Mo. 231; *State ex rel. v. Harmon,* 75 Mo. 340; *Rutherford v. Heddons,* 82 Mo. 388; *Ewing v. Hoblitzelle,* 85 Mo. 64–73; *State ex rel. v. Pond,* 93 Mo. 606; *Rutherford v. Hamilton,* 97 Mo. 543–547; *McAunich v. Railroad,* 28 Iowa, 338–342; *Wheeler v. Philadelphia,* 77 Pa. St. 338. ( 3 ) This act does not contravene section 7 of article 9 of the constitution which directs the legislature to provide by general laws for the organization and classification of cities and towns into four classes, and to define their powers, so that all corporations of the same class shall possess the same powers and be subject to the same restrictions, and to provide how cities may elect to come in under such law. *Rutherford v. Heddons,* 82 Mo. 388; *Kelly v. Meeks,* 87 Mo. 396–399; *Rutherford v. Hamilton,* 97 Mo. 543–547. ( 4 ) *First.* This act does not contravene sections 1, 3 and 4 of article 10 of the constitution which provide that taxation shall be for public purposes and uniform within the taxing district, and that all property subject to taxation shall be taxed

in proportion to its value.  *State v. North*, 27 Mo. 464, 483 ; *Hamilton v. Court*, 15 Mo. 3–24 ; *Crow v. State*, 14 Mo. 237–324.  *Second.*  No question can arise here as to the constitutional inhibition against exempting property from taxation on the ground that the assessments provided for in this act are against real estate alone.  *State ex rel. v. Court*, 44 Mo. 504 ; *Adams v. Lindell*, 5 Mo. App. 197–310 ; *Adams v. Lindell*, 72 Mo. 198 ; *Farrar v. City of St. Louis*, 80 Mo. 379, 386.  ( 5 )  The provisions of this bill do not violate section 10 of article 10 of the constitution which provides that the legislature shall not impose taxes upon counties, cities or other municipal corporations.  *People v. Solomon*, 51 Ill. 37–49 ; *Railroad v. McCleave*, 108 Ill. 368–371 ; *Wilson v. Board of Trustees*, Sup. Ct. Ill. Chicago Legal News, June 21, 1890, p. 347 ; *Levee Co. v. Hardin*, 27 Mo. 495 ; *State ex rel. v. Court*, 44 Mo. 504 ; *People v. Draper*, 15 N. Y. 532 ; *Daley v. St. Paul*, 7 Minn. 311–314 ; *Levee v. Meier*, 39 Mo. 53.  ( 6 )  This act does not contravene section 2 of article 10 of the constitution which prescribes the maximum rates which may be levied for county, city and school purposes.  *Railroad v. McCleave*, 108 Ill. 368 ; *Wilson v. Board of Trustees*, Sup. Ct. of Ill. Chicago Legal News, June 21, 1890, pp. 347–349.  ( 7 )  This act does not violate section 45 of article 4 of the constitution.  No question of state aid is involved.  Nor does it violate section 47 of article 4, nor section 6 of article 9, as claimed by respondents, which prohibit counties, townships, cities or other municipalities from aiding other corporations by subscribing to their stock or appropriating money to their aid or loaning to them their credit.  *State v. Police Commissioners*, 34 Mo. 546 ; *Hannibal v. Marion County*, 69 Mo. 571–576 ; *State ex rel. v. Holliday*, 70 Mo. 137 ; *City of St. Louis v. Shields*, 52 Mo. 351–354 ; *School Dist. v. Weber*, 75 Mo. 558.  ( 8 )  Parks are for " a public use ; " hence taxation for providing parks, as well as for opening and improving highways is taxation

for public purposes in conformity with the constitution. *Court v. Griswold*, 58 Mo. 175. ( 9 ) A legislative enactment must be regarded as valid by the courts unless its unconstitutionality is shown beyond a reasonable doubt and all doubts are to be resolved in favor of its validity. ( 10 ) The duty of the respondent to levy the tax provided by section 1753, Revised Statutes, 1889, when requested by an ordinance of the board of park commissioners, is a ministerial duty, and *mandamus* is the proper remedy to enforce its performance.

*E. P. Gates* and *C. O. Tichenor* for respondent.

( 1 ) The city park law is in direct violation of section 7 of article 9 of the constitution of this state. The legislature cannot accomplish by indirect methods that which it is forbidden to do by direct methods. *Webb v. LaFayette County*, 67 Mo. 363. ( 2 ) It is in violation of sections 3 and 4 of article 10 of the constitution. *City of St. Louis v. Spiegel*, 90 Mo. 458 ; *Farrar v. City of St. Louis*, 80 Mo. 391 ; *State ex rel. v. Leffingwell*, 54 Mo. 458 ; *O'Kane v. Treat*, 25 Ill. 557 ; *Updike v. Wright*, 81 Ill. 53. ( 3 ) It is in plain and direct violation of sections 46 and 47 of article 4 and section 6 of article 9 of the constitution. *State v. Curators*, 57 Mo. 178 ; *Webb v. LaFayette County*, 67 Mo. 362-3 ; *State ex rel. v. Walker*, 85 Mo. 45. ( 4 ) This law is violative of section 10 of article 10 of the constitution. *People ex rel. v. Albertson*, 53 N. Y. 55 ; *State ex rel. v. Riardon*, 24 Wis. 484. ( 5 ) It is in violation of section 28 of article 4 of the constitution. *Dolere v. Pierce*, 124 Ill. 140 ; *People v. Mellen*, 32 Ill. 181 ; *Wolfhanger v. McCullum*, 83 Ky. 361 ; *Ragio v. State*, 86 Tenn. 272 ; *State v. Kinsella*, 14 Minn. 524.

BARCLAY, J.—In the view we take of this case, it will only be necessary to express our opinion of one of the objections urged to the statute in question, which

comprises the sections, numbered 1727 to 1761, inclusive, in the Revised Statutes of 1889. These sections are new enactments introduced into the general revision of the laws in that year. The title of the bill containing them is this : "An act to revise and amend chapter 89 of the Revised Statutes of Missouri, 1879, and the amendatory acts thereto, entitled 'Of cities, towns and villages.'"

The objection is that this original legislation is violative of the command that no bill shall contain more than one subject which shall be clearly expressed in its title. Const. 1875, art. 4, sec. 28.

This provision of the fundamental law has uniformly received in this court a broad and liberal construction in accordance with the obvious purposes of its adoption. It was not designed to unreasonably hamper the legislative department in the exercise of its legitimate powers. So it has been often ruled that details of legislation, fairly germane to the general subject of an act, need not be specially mentioned in the title. It is for the legislature to determine what subject shall be dealt with in a particular bill. Mere generality in its title will not invalidate it where the topics treated are kindred in nature and have a legitimate and natural association under the head which the title states. *State v. Mathews* ( 1869 ), 44 Mo. 523 ; *Woodruff v. Baldwin* ( 1880 ), 23 Kan. 491.

No definite rule to test the sufficiency of titles of enactments has yet been formulated. Each case must be adjudicated upon the special facts it exhibits, having regard to the cogent reasons of public policy which led to the adoption of the constitutional provision. Those reasons are part of the history of legislation in this country ( *State ex rel. v. Ranson* ( 1880 ), 73 Mo. 86 ), and, in discharging our duty of giving effect to the commands of the people, expressed in the constitution, we cannot ignore them.

That the mandate on this subject possesses some vigorous vitality and was intended to be enforced on proper occasions cannot be gainsaid.

In this case we see a large body of new and very important legislation, providing for the organization and government of a class of public corporations for park purposes, carried into a bill whose title indicates a mere revision and amendment of the existing statutes governing " cities, towns and villages," without more.

These park corporations are organized with extensive governmental powers, and to exercise them over a territory which may reach far beyond the limits of any one city. Each may cover a domain of seventy square miles ( section 1730 ), appropriate land for public use as parks, boulevards and avenues ( sections 1731, 1733 ), may reconstruct, improve and " adorn " all roads and highways in the district ( section 1737 ), levy special taxes for many purposes ( section 1738 ), pass ordinances for the management and use of all the parks, highways, etc., in its jurisdiction ( section 1732 ), and upon certain conditions, issue municipal bonds ( section 1748 and following ).

The cost of doing all these things is proposed to be met by a tax not to exceed one-tenth of one per cent. per annum upon the assessed valuation of all real estate ( and improvements thereon ) within the park district, to be ascertained by the park commissioners and then levied by the county court of the county ( section 1753 ), which is also required to set apart and apply to the use of the park district " thirty per cent. of the county taxes derived from licenses granted to keep saloons or dram-shops within such park district" ( section 1756 ).

The artificial being, created by this statute, would spring into life fully equipped with powers greater than any mere village can enjoy under our law, and with rights materially affecting the revenues and functions of the government of the county, as well as of the city, in

which it is established. Yet all this is enacted under a title referring only to "cities, towns and villages."

While the subject of public parks is intimately connected with that of municipal government and might properly form part of a statute regulating city, town and village charters, yet we are of opinion that the creation of such park corporations, in taxing districts embracing territory beyond the limits of any city, town or village, invested with some of the most important powers of the county and city governments, as contemplated by the sections under review, is a subject which cannot fairly be construed as embraced within the title, "Of cities, towns and villages."

The scheme for organizing and maintaining these public park corporations, in the manner described, is distinct and separable from the rest of the bill upon which it is engrafted. It forms a discerptible subject from that expressed in the title and has no perceptible legal connection with other parts of the statute, as appears upon the most casual reading of it.

We fully recognize the force of the rule that no legislative enactment should be declared unconstitutional unless it appears very clearly so, and that every reasonable intendment should be made to sustain it. But while so doing we should feel ourselves remiss in the performance of our duty if we made the constitutional provision in question a dead letter by construction. It was adopted by the people for good and sufficient reasons, and it is not for us to construe away their solemn act.

As all the members of this division are agreed that that part of the statute is invalid for the reasons stated, it will not be necessary to consider other objections that have been urged against it.

The peremptory *mandamus* is denied.