THE STATE *ex rel.* KIRKWOOD, *Appellant,* v. HEEGE *et al.*

Division One, June 23, 1896.

1. **Constitution**: STATUTE: TITLE. A mere reference in the title of a bill to a section of the Revised Statutes purposed to be amended without further description of the subject-matter of the amendatory law is a sufficient title to an act which deals exclusively with the subject of the section amended. (*State ex rel. v. County Court of Marion Co.,* 128 Mo. 440.)

2. ———: ———: ———. The constitution, article 4, section 28, which declares that "no bill shall contain more than one subject * * * which shall be clearly expressed in the title" was intended to prevent the objectionable practice of uniting in the same bill incongruous matters and subjects having no legitimate connection or relation with each other and in no way germane.

3. ———: ———: ———. The act of the legislature approved April 1, 1893 (page 111) so far as the same was designed to apply to St. Louis county, *held* in violation of the constitution for insufficiency of the title.

*Appeal from St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*Albert N. Edwards* and *O. J. & R. Lee Mudd* for appellant.

(1) *Mandamus* is the appropriate and proper remedy. *Mandamus* may not direct a particular action or judgment, but will compel the county court to act. The county court declined to receive the petition of the town of Kirkwood or to take any action thereon but to reject it. Therefore *mandamus* is the appropriate remedy. *State ex rel. v. Court,* 73 Mo. 560; *State ex rel. v. Cramer,* 96 Mo. 84; High on Ex. Leg. Rem. [2 Ed.], sec. 150. (2) The alternative writ stated every fact necessary in law to entitle relator to the peremptory writ. R. S. 1889, sec. 7895; Session Acts of 1893, p. 111. (3) Acts of the legislature duly passed and published are presumed to be law. The constitutionality of such act is presumed until its unconstitutionality is made to appear clearly and. beyond doubt. *Phillipps v. Railroad,* 86 Mo. 540; *Ewing v. Hoblitzelle,* 85 Mo. 64. It is for the demurrants to show by what authority and wherein the act is unconstitutional. (4) The act of 1893 (Sess. Acts, 1893, p. 111) upon its face applies to St. Louis county and to the town of Kirkwood. It says: "All counties contemplated in the provisions of section 7895, of article 4, of chapter 140, of Revised Statutes of Missouri, 1889." The act of 1893 then applies to and controls that class of counties, or it applies to no counties and is a nullity. But the presumption is that the act is not a nullity but is law and means what it says. The class of counties "contemplated in the provisions of section 7895, of article 4 of chapter 140, of Revised Statutes of Missouri, 1889," can not adopt township organization. The provisions of article 4, referred to exclude the possibility of township organi-

zation, and therefore the act of 1893 can not mean or apply to counties adopting township organization, but as it plainly says, means and refers to the class of counties "contemplated in section 7895, article 4, of chapter 140, Revised Statutes, 1889." *St. Louis v. Lane*, 110 Mo. 254.

*F. A. Heidorn*, prosecuting attorney, *Zach. J. Mitchell* and *John W. McElhinney* for respondents.

(1) The act of 1893 should be construed as part of the township organization law, and as having no effect in counties where township organization has not been adopted. It purports to amend section 8553 of the statutes of 1889. That section was a part of the township organization act, passed in 1879, and has been retained through all amendments and revisions of the original act. Laws of Missouri, 1879, p. 231, sec. 29. (2) The effect of retaining this section in the revised laws is that it must be construed as a continuation of the original section, with the same meaning and effect as it originally had, and not as a new enactment. R. S. 1889, sec. 6606; R. S. 1879, sec. 3160; *Dart v. Bagley*, 110 Mo. 42; *Cape Girardeau v. Riley*, 52 Mo. 424; *Pool v. Brown*, 98 Mo. 675; *State ex rel. v. Heidorn*, 74 Mo. 410. (3) The constitution prohibits, *first*, double or "logrolling" legislation, and, *second*, deceptive or fraudulent legislation. The object is to protect the members of the legislature as well as the citizens at large from surprise and deception as to the contents and true purpose of a bill, as well as to prevent the uniting of incongruous matters in one act. Cooley, Const. Lim. [6 Ed.], 171–173; Black, Const. Law, sec. 107, pp. 286, 287; Sedgwick, Const. of Stat. etc. [2 Ed.], Pomeroy's notes to pp. 518, 520; *State ex rel. v. Co. Ct. Jackson Co.*, 102 Mo. 531; *St. Louis v. Tiefel*, 42 Mo. 578; *People v. Mahaney*, 13 Mich.

481; *In re Hauck*, 70 Mich. 396; *Town of Cantrill v. Sainer*, 59 Iowa, 26. (4) The act is in violation of the provision prohibiting the legislature to make any grant, or authorize the making of any grant, of public money or thing of value "to any individual, association of individuals, municipal or other corporation whatsoever." Const. 1875, art. 4, sec. 46. (5) A tax for county road purposes, when levied and collected, is public money. A county is a political subdivision of the state for local governmental purposes. Its funds are as much public funds as the moneys in the state treasury. (6) On the other hand, a city or town in its corporate capacity is proprietary or private in its character. (7) County roads and bridges are matters of general or public concern, while city streets, sidewalks and alleys have a local and peculiar or corporate character. 1 Dill. Munic. Corp. [4 Ed.], sec. 66; *Id.*, sec. 74, note 1; *Jefferson County v. St. Louis County*, 113 Mo. 619; *Clark v. Adair County*, 79 Mo. 536.

MACFARLANE, J.—This is a proceeding by *mandamus* brought at the relation of the town of Kirkwood, in the county of St. Louis, against the county court of said county and its judges. The object of the proceeding is to require said county court to cause to be paid over to the authorities of said town a portion of the road tax collected in the said county, to be applied to the improvement of its streets.

The real question in issue is the constitutionality of the following act of the general assembly of the state, approved April 1, 1893 (Laws 1893, p. 111):

"An act to amend section 8553, of article 14, of chapter 162, of the Revised Statutes of Missouri, relating to the exemption of citizens of incorporated cities and towns, and of the property within said cities and towns, from taxation for county road purposes.

"*Be it enacted by the general assembly of the state of Missouri as follows:*

"Section 1. That section 8553, of article 14, of chapter 162, of the Revised Statutes of Missouri, be and the same is hereby amended by adding to the end of said section the words: 'And in all counties contemplated in the provisions of section 7895, of article 4, of chapter 140, of the Revised Statutes of Missouri, 1889, where money shall hereafter be collected as county taxes upon property within any incorporated town or city, the county court shall, as such taxes are collected, and as the trustees, council, or other corporate authorities of such city or town, shall make application to such county court, draw warrants upon the county treasurer, payable out of the road and bridge fund, to the treasurer of such town or city, for an amount bearing such proportion to the entire amounts of the year's taxes so collected upon said property as the amounts annually appropriated for road and bridge purposes shall bear to the total county revenue for such year, and all such sums so paid out shall be expended upon the roads and streets of such town or city, as shall be directed by the trustees, council, or other corporate authorities thereof;' so that the said section, as amended, shall read as follows:

"Sec. 8553. Where any city or town has or may become incorporated under a special charter, or under a general law authorizing cities to become incorporated, no requisition in labor or in money from the citizens thereof, or the property within said corporation, shall be required to improve roads in the country, different from the grant in the charter, but they shall be required to work and pay a tax to improve the streets and roads, and such improvements as shall be specified in the charter, or within the limits of the incorporation, as long as the charter or corporation shall remain in full

force; and in all counties contemplated in the provisions of section 7895, of article 4, of chapter 140, of the Revised Statutes of Missouri, 1889, where money shall hereafter be collected as county taxes, upon property within any incorporated town or city, the county court shall, as such taxes are collected, and as the trustees, council, or other corporate authorities of such city or town shall make application to such county court, draw warrants upon the county treasurer, payable out of the road and bridge fund, to the treasurer of such town or city, for an amount bearing such proportion to the entire amount of the year's taxes so collected upon said property as the amounts annually appropriated for road and bridge purposes shall bear to the total county revenue for such year; and all such sums so paid out shall be expended upon the roads and streets of such town or city, as shall be directed by the trustees, council or other corporate authorities thereof.

"Approved April 1, 1893."

Upon petition to the circuit court of said county, an alternative writ issued, which recited that the county of St. Louis had, within its territory, property whose assessed valuation was more than $15,000,000, and more than one hundred and fifty miles of macadamized and gravel road; that respondents were judges of the county court of said county; that the town of Kirkwood was incorporated under a special charter, within the limits of said county; that the county had, for the year 1893, collected, as county taxes, a large amount of money upon property, situate within said town, and refused to pay over to the proper authorities of said town any portion of it, though requested.

A demurrer to the return was sustained, and relator appealed.

The first objection made to the act, and the only one we need consider, is that it is obnoxious to section

28, article 4, of the constitution which declares: "No bill shall contain more than one subject * * * which shall be clearly expressed in its title."

The title to this act declares that section 8553 of article 14 of chapter 162 of the Revised Statutes is to be amended, and states very comprehensively the subject of that section.

A mere reference to the section to be amended, without other description of the subject-matter of the amendatory law, is, under the rulings of this court, a sufficient title to an act which deals exclusively with the subject of the section amended. *State ex rel. v. County Court*, 128 Mo. 440, and cases cited.

But the section this act purports to amend is one which relates exclusively to cities located in counties governed by township organization. The alternative writ does not show that the county of St. Louis is governed by the township organization law. Indeed on the hearing it was expressly agreed that it was not so governed. Neither is said county governed altogether by the general laws applicable to most other counties, particularly in its system of working and repairing its roads.

Article 4, chapter 140, provides specially for the management of roads in counties wherein the assessed valuation of property is $15,000,000 or more, and wherein there are more than one hundred and fifty miles of macadamized and graveled roads. The county of St. Louis falls within this class and the question is, does the amendatory act apply to cities located in its territory. In other words, is the title of the act sufficiently comprehensive to advise the members of the legislature and others interested, that the legislation was intended to apply to the county of St. Louis.

The constitution prohibits the passage of a bill the subject of which is not clearly expressed in its title.

This prohibition is found in most of the constitutions of the states, and, while it has generally been liberally construed, it is, nevertheless, a constitutional mandate, and is obligatory upon the legislature, and, when clearly disregarded, the legislation must be declared invalid by the courts.

The purpose of this constitutional inhibition is expressed by Judge RAY in this language: "The adjudicated cases, as well as the elementary writers, all concur that it was to prevent the vicious practice of conjoining, in the same bill, incongruous matters, and subjects having no legitimate connection or relation to each other, and in no way germane to the subject expressed in its title; that its object was to prevent surprise or fraud upon members of the legislature, rather than embarrass legislation by making laws unnecessarily restrictive." *State ex rel. v. Ranson*, 73 Mo. 86. See, also, *State ex rel. v. County Court*, 102 Mo. 537.

The title to this act informed the members of the legislature that a specified section of the law relating to the exemption of citizens of incorporated cities and towns, and their property within such towns, from taxation for road purposes, was to be amended. Turning to the section amended, and the reference makes it a part of the title, the legislator would find that the township organization law was referred to, and that the cities to be affected by the law were those located in counties governed by such laws. From the mere reading of the title it would be impossible to even conjecture that there was an intention to amend the law relating to counties of the class into which St. Louis falls. If the act was intended to apply to the county of St. Louis then the title not only does not clearly express its subject, but it is affirmatively deceptive and misleading.

The title is sufficient, and the act is constitutional when applied to counties which are governed by township organization, but it has no application to the county of St. Louis, which is not so governed. The judgment is affirmed. All concur, except BRACE, P. J., who is absent.