THE STATE OF MISSOURI, Respondent, v. J. C. McKEE et al., Appellants.

Kansas City Court of Appeals, October 7, 1907.

1. CRIMINAL LAW: Definition: Felony: Willful: Unlawful: Statute. A "felony" is a crime for the commission of which the offender is subject to death or imprisonment in the penitentiary; "willfully and maliciously" in the 1901 amendment of section 1957, Revised Statutes of 1899, are substantially equivalent to "unlawfully and intentionally" in section 1261.

2. ———: Statutory Construction: Degrees. Section 2524, Revised Statutes 1899, applies only to offenses divided by statute into different degrees, because it may include acts which may differ materially in the degree of their criminality and can have no application where the crime is not by statute divided and cannot be separated into degrees.

3. ———: Felony: Misdemeanor. The same precise act viewed with reference to the same consequences cannot be both a felony and a misdemeanor; and where the statute creates a felony of what was before a misdemeanor, or vice versa, the criminal thing can no more be prosecuted as of its former grade.

4. ———: Telephones: Cutting Wires: Statute: Repeal. Section 1261, Revised Statutes 1899, making the cutting of telephone

State v. McKee.

wires a misdemeanor, is repealed by the 1901 amendment of section 1957, making the same act a felony; and a prosecution for such acts as a misdemeanor cannot be sustained. The history of the statute since 1851 is contained in the opinion.

Appeal from Polk Circuit Court.—*Hon. Argus Cox,* Judge.

REVERSED.

*C. H. Skinker* for appellants.

(1) Section 1261, Revised Statutes 1899, was intended to apply only to telegraph or telephone lines owned and operated by corporations, and not to those owned or operated by natural persons. (2) The use of general and compr hensive words in an act will not be held to enlarge the application so as to make it apply to natural persons if the context of the act shows that it was intended to apply only to corporations. State v. Kelsey, 89 Mo. 623. (3) But if section 1261 was intended to apply to natural persons and their property, as well as to corporations, then it is void because it is in violation of section 28, article IV, of the Constitution, which provides that no bill "shall contain more than one subject, which shall be clearly expressed in its title." Witzmann v. Railroad, 131 Mo. 612; State ex rel. v. Heege, 135 Mo. 112; State ex rel. v. Borden, 164 Mo. 221; Joplin v. Leckie, 78 Mo. App. 8. (4) The mere fact that the State may contend for what might be considered the more beneficient construction of section 1261 is of no consequence and is not to the point.

*E. D. Upton,* Prosecuting-Attorney, and *Rechow & Pufahl* for respondent.

(1) There can be no question but that the section is broad enough to include the line of any telephone company, whether it be the line of an incorporated company or that of an individual or partnership. R. S.

1899, sec. 9454; State v. Walter, 69 Mo. 463; State v. Wells, 70 Mo. 635; State v. Proctor, 90 Mo. 335; State v. Bradley, 31 Mo. App. 318. (2) So also "bodies corporate" have been held to be included under the term "person." Shockley v. Fisher, 75 Mo. 500; Loring v. Creamery Assn., 70 Mo. App. 54; R. S. 1899, secs. 4158, 4159. (3) The exceptions to the overruling of the motion to quash should have been made at the term when the motion was overruled. State v. Williams, 147 Mo. 14; Waggoner v. City, 88 Mo. App. 34.

*Herbert S. Hadley*, Attorney-General, and *N. T. Gentry*, Assistant Attorney-General, for respondent.

(1) Section 1261, Revised Statutes 1899, is not void nor unconstitutional by reason of being found in the chapter relating to corporations. That an act may be placed in a chapter relating to a somewhat different subject, and still be constitutional, has often been held. O'Brien v. Ash, 169 Mo. 299. (2) It is contended by defendant that the section of the statute, under which this prosecution was instituted, should be restricted to a telephone line owned by a corporation, and not by individuals. But the rule is not to restrict a statute to a narrow construction, when the Legislature clearly intended, as in this instance, to make it otherwise. State v. Helms, 179 Mo. 280. (3) Appellants' contention that they had a right to cut the telephone wires for fear that they might injure other wires can hardly be considered seriously.

JOHNSON, J.—Defendants were tried and convicted on information of the prosecuting attorney of Polk county on the charge of cutting wires of a telephone line owned by a partnership known as the Farmers' Bolivar and Van Telephone Company. Two offenses are alleged in separate counts of the information, both of which occurred January 20, 1904. Defendant

McKee was fined ten dollars and defendant Allen one dollar on each count. An appeal was granted defendants to this court. In the brief filed by their counsel it was argued that, as the prosecution is for alleged violations of section 1261, Revised Statutes 1899, and the wires cut are the property of a partnership and not of a corporation, an interpretation of the statute which would bring the offenses charged within its provisions would be obnoxious to section 28, article IV of the Constitution of the State. The point thus is stated: "If said section 1261 was intended to apply to telephone lines owned and operated by individuals, then as it was enacted under a title indicating that the bill referred only to corporations, it must be held to be unconstitutional and void." [Citing State ex rel. v. Borden, 164 Mo. 221; Witzmann v. Railway, 131 Mo. 612; State ex rel. v. County Court, 102 Mo. 531; State v. Persinger, 76 Mo. 346.]

Thus being asked, in the event we should reach the conclusion that the statute was intended by the law-making body to apply to telephone lines owned by natural as well as those owned by artificial persons, to determine the question whether the enactment was constitutional, we entertained the view that a constitutional question was raised and, accordingly, certified the cause to the Supreme Court. But that tribunal held that no such question is involved, and remanded the cause. [State of Missouri v. Clark McKee, 196 Mo. 106.] In the opinion filed, the Supreme Court held that "the question presented in this case simply involves the construction of the statute and not a construction of the constitution of this State." Evidently this conclusion must have been drawn from one of two hypotheses, viz.: Either that the Legislative intent as expressed in the statute, beyond question, excluded telephone lines owned by natural persons from the protection of its provisions, or else that the statute should be pronounced void

on ground which does not require the determination of a constitutional question. For us to hold that the statute does include offenses against the property of natural persons and is valid but for the section of the constitution invoked would of necessity compel us to interpret that portion of the constitution — an act clearly beyond the scope of our jurisdiction and, therefore, one which we must assume the Supreme Court had no thought of asking us to perform.

A thorough consideration of the case convinces us that a proper disposition thereof does not call for a construction of the constitution, since section 1261 should be held void on ground disassociated from the constitutional question presented, but which is properly before us.

The important facts of the case are not a matter of substantial difference between the parties. Defendants were in the service of a telephone company which, at the time of the offenses, was operating telephone lines in Polk and adjacent counties. Some farmers had joined in partnership to build and operate a telephone exchange in their neighborhood and had crossed the line of defendant's company at two places, stringing their wires some distance above those of their competitor. Defendants severed the new wires at the crossings believing, so they say, that on account of inferior construction, the wires of the Farmer's line soon would become detached from the poles and fall across the lower wires in a manner to interfere with the service of defendants' company to its patrons.

It goes without saying that these lawless acts cannot be defended from any reasonable standpoint, and that defendants should be adequately punished for what they admit was a willful and intentional destruction of property of others, but the judgment must be reversed for the reason that defendants were prosecuted on information, under the provisions of section 1261,

Revised Statutes 1899, for the commission of misdemeanors, while the offenses for which they were convicted are classified as felonies in section 1957, Revised Statutes 1899, as amended in 1901 (Laws 1901, p. 129). This section appears in the chapter relating to "Crimes and Punishments" and, as amended, reads: "Every person who shall willfully and maliciously injure, molest or destroy any of the lines, wires, posts, piers or abutments of any telegraph or telephone company, owner or association, or any other materials or property of such company, owner or association, used in or about the transmission of dispatches or other communications, shall, upon conviction, be punished by imprisonment in the penitentiary, for the term of two years, or by fine not exceeding five hundred dollars."

In this State, the term "felony" has been defined as follows: "The term 'felony,' when used in this or any other statute, shall be construed to mean any offense for which the offender, on conviction, shall be liable by law to be punished with death or imprisonment in the penitentiary, and no other." [Section 2393, R. S. 1899.] Under this definition, the offenses charged constitute a felony under the provisions of section 1957 and, being such, defendants could be prosecuted for their commission only by indictment. [Section 2476, Rev. Stat. 1899; Constitution, Section 12, p. 64.] But it is contended by counsel for the State that the acts of defendants, by the express terms of section 1261, are classed as misdemeanors, and that this enactment sufficiently supports a prosecution on information. Section 1261 appears in the chapter of the statutes relating to telegraph and telephone companies, and though it differs some in phraseology from section 1957, in the description of the acts to which it is intended to apply, the differences are not of substance, and the two sections deal with the same acts and, we think, were intended to apply to the same classes of persons. There is no

126 App—34

substantial difference in the meaning of the terms "willfully and maliciously" as employed in section 1957 and "unlawfully and intentionally" in section 1261. Malicious trespass or injury to property has been defined by the Legislature to mean a wrongful, intentional and willful injury and is not confined to cases where the offender is actuated by an evil animus against the owner of the property or the property itself. [Section 1989, Rev. Stat. 1899.]

We, therefore, are confronted with the anomaly of a single act being defined and made punishable as a misdemeanor in one section of the statute and as a felony in another. It is true the statutes provide (section 2524, Rev. Stat. 1899): "When by law an offense comprises different degrees, an indictment may contain counts for the different degrees of the same offense or for any of such degrees." [State v. Porter, 26 Mo. 206; State v. Pitts, 58 Mo. 556; State v. Mallon, 75 Mo. 355; State v. Keeland, 90 Mo. 337; State v. Robb, 90 Mo. 30; State v. Gates, 130 Mo. 351.] This and kindred provisions to be found apply to cases where the crime is divided by statute into different degrees because of the fact that it may include acts which differ materially in the degree of their criminality. [State v. Robb, supra.] The term "degrees" as was said in State v. Keeland, supra, is not used in a strictly technical sense, "but as indicating the principal crime as the *genus* and the lesser as the *species* and necessarily included within the larger offense." Thus the crime of murder is graded and an indictment in separate counts may charge the commission of the crime in different degrees in order to meet different phases of proof, but this statutory rule has no application to cases where the crime is not by statute divided and cannot be separated into degrees, and the doctrine which has the support of both reason and the weight of authority is aptly stated in 1 Bishop's New Criminal Law, sec-

tion 787, to be "that the same precise act viewed with reference to the same consequences cannot be both a felony and a misdemeanor." And the author rightly concludes that "If the statute creates a felony of what was before a misdemeanor, or a misdemeanor of what was before a felony, the criminal thing can no more be prosecuted as of its former grade."

Applying these rules to the statutes before us, it is manifest that the two sections are so essentially incongruous that both cannot stand. In effect, one was repealed by the other and the repealing statute is that which last received the attention of the Legislature. Both had their origin in section 7, of "an act concerning electric telegraph companies and electric telegraphing," enacted in 1851. [Laws of 1851, p. 287.] That section made a misdemeanor of the offense under consideration. In the revision of 1855, the crime was raised to a felony and the statute was transposed to the chapter on crimes and punishments. [Rev. Stat. 1855, section 63, p. 585.] It was continued practically under the same title in each revision of the statutes, including that of 1899 and, as we have shown, was amended in 1901 to include offenses against telephone property. In the revision of 1866, what is now section 1261 appears as section 15, in the chapter "Of Telegraph Companies" (Gen. Stat., p. 351), but the crime was made punishable as a felony. In the revisions of 1879 (section 889) the statute is found in the chapter entitled "Telegraph and Telephone Companies." There it was amended by the lowering of the offense to a misdemeanor and the inclusion of telephone property within its scope. It has not been amended since 1879 and, for the reasons stated, was repealed in effect by the subsequent legislative action in 1901 which in the amendment of section 1957 raised the crime to a felony.

It follows the judgment must be reversed. All concur.