Ex Parte DAVIS, (Redfield, Warden, Appellant,) v. DAVIS, Respondent.

(174 N. W. 741.)

(File No. 4606.   Opinion filed November 8, 1919.)

**1.   Habeas Corpus—Order of Discharge, Whether Applicable, Suggestion of Legislation Procedure On, Re.**

In view of respondent's contention that there is in this state no right of appeal from an order of discharge in habeas corpus proceedings, Supreme Court, desiring to dispose of the case on question of correctness of trial court's ruling, suggests the propriety of legislation making clear question of right of ap-

peal, and (in that event) the propriety of fixing respondent's right pending appeal, and of providing requisite procedure following reversal on appeal.

2. **Breaking Jail—Escaping Prison, Commitment to Penitentiary, Not to County Jail, For, Legality of Commitment—Statutes Construed.**

Defendant was adjudged guilty of escaping from county jail after commitment on preliminary hearing upon a specified charge, and committed to the penitentiary. Code Crim. Proc. 1903, Sec. 754, provides that any person in prison under sentence, in county jail, or who shall be committed for detention for trial, for any offense not capital, who shall escape from prison, shall be imprisoned in the county jail, etc., Pen. Code 1903, Sec. 146, provides that every prisoner confined in any other than state prison, * * * who escapes therefrom, may be imprisoned in state prison * * *, or in a county jail. **Held,** that if after being duly sentenced to imprisonment, or committed for detention for trial, under said Sec. 754, defendant shall escape prison, commitment to the penitentiary therefor is illegal, since in such case the statute only authorizes commitment to county jail.

3. **Breaking Jail—Statutes—Escaping Prison, Conviction, Confinement Therefor, Repugnant Code Provisions—Legislative Will, Earlier Legislation to Aid Construction—Including Repugnant Provisions in Revised Code, Effect.**

Where two alleged repugnant statutory provisions are found in Revised Code, held, that if Supreme Court should concede that the two acts are so repugnant that they cannot both stand, yet, in interpreting their joint effect, no part of either Revised Code should be disregarded on the theory that it was erroneously included by Code Commissioners. **Held,** further, that earlier legislation can be looked to only to aid in construction. So held, in construing Code Crim. Proc. 1903, Sec. 754, and Pen. Code 1903, Sec. 146, relating to imprisonment upon conviction for escaping from imprisonment in county jail.

4. **Statutes—Escaping Prison, Sentence, Imprisonment, Therefor—General, and Special, Statutes, Special Held Applicable.**

While Pen. Code 1903, Sec. 146, providing punishment for escaping from prison when confined in "any other than the state prison," is general in terms and embraces all that is covered by Code Crim. Proc. 1903, Sec. 754, **held,** that the latter section, which applies particularly to the case at bar—where party who breaks from jail is being detained for trial—is operative as against said section 146.

McCoy, J., not sitting.

Appeal from Circuit Court, Minnehaha County. Hon. JOHN T. MEDIN, Judge.

In re application of James F. Davis, for writ of Habeas Corpus. From an order of the Circuit Court adjudging appellant's imprisonment in the state penitentiary illegal, and ordering his discharge, Guy C. Redfield, as warden of the state penitentary appeals. Affirmed.

*Byron S. Payne,* Attorney General, and *Vernon R. Sickel,* Assistant Attorney General, for Appellant.

*Christopherson, Melquist & Davenport,* for Respondent.

(3)   To point three of the opinion, Appellant cited:   State v. Taylor, 85 S. W. (Mo.) 564; State v. McKee, 104 S. W. (Mo.) 486; Secs. 3741, 3734, Rev. Code 1919; Commonwealth v. Barker, 133 Mass. 399; Hughes v. Board (S. D.) 127 N. W. 613.

Respondent cited:   Hughes v. Board of Commissioners (S. D.) 127 N. W. 613; 36 Cyc. 1130.

(4)   To point four, Respondent cited:   Sanford v. King, 19 S. D. 334; Dwarris on Statutes, page 658, 26 Am. and Eng. Enc. 618; Crane v. Reeder, 22 Mich. 322.

WHITING, J.   One Davis. imprisoned in the state penitentiary, brought habeas corpus proceedings in the circuit court to test the legality of such imprisonment. The circuit court held the imprisonment illegal and ordered the discharge of Davis. From such order this appeal was taken.

[1]   Respondent not only contends that the order of the trial court was correct, but he contends that there is, in this state, no right of appeal from an order of discharge in habeas corpus proceedings, and that, even if such an appeal could be taken, the present attempt to appeal was abortive because of the lack of an undertaking on appeal. As we prefer to dispose of this case solely on the question of the correctness of the trial court's ruling, we will make no further reference to the other questions raised except to suggest the propriety of such legislation as shall make clear whether or not there shall be, in this state, a right to appeal from an order of discharge in habeas corpus proceedings, and to suggest, if such appeal is to be allowed, the propriety of fixing the rights of the respondent pending such appeal and of providing the procedure that shall follow a reversal on appeal.

The information upon which the commitment to the penitentiary was based charged that—

Davis "did commit the crime of escaping from prison in manner as follows: * * * That * * * Davis did * * * by force and fraud, escape from the county jail * * * after said defendant had been committed to said jail by a court of competent jurisdiction, * * * after a preliminary hearing before said court, upon the charge. * * *"

Davis, having pleaded guilty to such charge, was adjudged guilty and committed to the penitentiary. He contends that such commitment was illegal; that, upon conviction of the offense to which he pleaded guilty, the statutes only authorize commitment to a county jail.

[2]   Respondent is correct in such contention, provided he should have been sentenced under section 754, Code Crim. Proc. 1903, instead of under section 146, Penal Code 1903. These sections read:

"Sec. 754. If any person who may be imprisoned pursuant to a sentence of imprisonment in the county jail, or any person who shall be committed for the purpose of detaining him for trial, for any offense not capital, shall break prison and escape, he shall be imprisoned in the county jail for the term of six months."

"Sec. 146. Every prisoner confined in any other than the state prison, who by force or fraud escapes therefrom, is punishable by imprisonment in the state prison not exceeding two years, or in a county jail not exceeding one year, to commence from the expiration of the original term of his imprisonment."

[3, 4]   Appellant contends that inasmuch as section 754 declares that to be a misdemeanor which, under section 146, is a felony, the two sections are repugnant; and that, as they are both found in the 1903 Rev. Codes, we may and should look to the previous history of these sections and hold that one to evidence the later expression of the will of the. Legislature which had, prior to such revision, last received the attention of the Legislature. Appellant cites the case of State v. McKee, 126 Mo. App. 524, 104 S. W. 486. If we were to concede that the two acts are so repugnant that they cannot both stand, yet this court has held that, "no part of either Revised Code should be disregarded on the theory that it was erroneously included by the Code Commissioners," and we held that we could look to earlier legislation only to aid in construction. Hughes v. Board of Commis-

sioners, 25 S. D. 480, 127 N. W. 613. We find nothing in the former history of these sections and the acts of which they originally formed part to. cause us to think that the Legislature that adopted the 1903 Revised ·Code intended that either one of. these sections should take precedence over the other; but we do find that section 146 is general in its terms, including all that is covered by section 754, while section 754 applies particularly to the exact case before us, where the party who breaks from jail is being detained for trial. Therefore, under the rule announced in Sanford v. King, 19 ·S. D. 334, 103 N. W. 28—that the section containing the particular enactment should be held operative as against the one containing the general or comprehensive enactment—respondent should have been committed under section 754.

The order appealed from is affirmed.

McCOY, J., not sitting.